UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 24-10035-JEK |
| 1. HAN LEE, a/k/a "Hana," ) | |
| 2. JAMES LEE, and ) | |
| 2. JUNMYUNG LEE, ) | |
| ) | |
|             Defendants ) | |
| ) | |
| ) | |

**REPORT AFTER FURTHER INTERIM STATUS CONFERENCE
PURSUANT TO LOCAL RULE 116.5(b)**

June 10, 2024

    Defendants are charged in an indictment with one count of Conspiracy to Persuade, Induce, Entice, and Coerce One or More Individuals to Travel in Commerce to Engage in Prostitution, in violation of 18 U.S.C. § 371, and one count of Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h).  Defendants were arraigned in person on February 6, 2024.  I scheduled an further interim status conference for June 6, 2024 in Worcester.  However, in advance thereof, the parties filed a joint memorandum which obviates the need for a conference.  Based on the joint memorandum, I cancel the conference and report as follows:

**Local Rule 116.5(b)(1) through (4)**

    The United States produced discovery on March 5 and May 30, 2024.  It describes both productions as voluminous and intends to produce further discovery, such as forensic searches of some electronic devices not already completed, as such discovery becomes available.  There are

no pending discovery requests. Defendants seek additional time to complete their review of discovery. The Court issued a protective order on April 29, 2024.

**Local Rule 116.5(b)(5)**

Defendants are directed to report after review of discovery whether, based on such review, any Defendant will file pretrial motions pursuant to Fed. R. Crim. P. 12(b); Defendants James Lee and Junmyung Lee do not anticipate filing pretrial motions.

**Local Rule 116.5(b)(6)**

The Government's expert disclosures, if any, shall be due twenty-one (21) days before trial; Defendants' expert disclosures, if any, shall be due fourteen (14) days before trial.

**Local Rule 116.5(b)(7)**

No Defendant anticipates raising defenses of insanity, public authority, or alibi.

**Local Rule 116.5(b)(8)**

The Court has excluded the period from February 6, 2024 (the date of Defendants' arraignment), through June 6, 2024 (the date of the further Interim Status Conference). The parties agree that the period from June 6, 2024 through a further Interim Status Conference that I have set, at the request of the parties, for July 18, 2024 should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). I will allow that request and enter a separate written order. It appears that four days (from the filing of the indictment on February 1, 2024 to the arraignment) are chargeable against the statutory speedy trial clock. See Order of Excludable Delay entered on this date.

**Local Rule 116.5(b)(9)**

The parties have engaged in plea discussions, including Guidelines analyses. A trial of all Defendants would require up to ten days.

**Local Rule 116.5(b)(10)**

A further Interim Status Conference will take place in this case on Thursday, July 18, 2024 at 9:30 a.m., in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts.  Counsel shall appear by telephone and shall provide my Courtroom Clerk Dawn King, (508.929.9905 or Dawn_King@mad.uscourts.gov) before the conference a landline telephone number at which counsel can be reached.

    / s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge