UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA        ) | |
|                                       ) | |
|       v.                              ) | Case No. 24-CR-10035-JEK |
|                                       ) | |
| (3) JUNMYUNG LEE,        ) | |
|         Defendant.        ) | |

**ASSENTED-TO MOTION FOR**
**<u>INTERLOCUTORY SALE OF 2018 CHEVY CORVETTE GRAND</u>**

      The United States of America, by its Attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, hereby moves this Court for entry of an Order, pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, permitting the interlocutory sale of the following:

> 2018 Chevy Corvette Grand bearing the VIN number 1G1YY2D73J5105000 seized from Junmyung Lee at 71 Legacy Blvd., Dedham, Massachusetts 02026 on or about November 8, 2023 (the "Corvette").

      As set forth below, the proposed Order for Interlocutory Sale would allow the Department of Homeland Security, U.S. Customs and Border Protection ("CBP") to sell the Corvette, and to place the net proceeds of the sale of the Corvette, after satisfaction of the lien held by Lendbuzz Funding LLC ("Lendbuzz"), and after payment of the expenses incurred by the United States in connection with the custody and sale of the Corvette, into the Treasury Suspense Account (the "TSA"), an interest-bearing account under the control of the CBP, pending final resolution of this case, including orders of forfeiture regarding the Corvette or the net sale proceeds of the Corvette.

      The United States has conferred with counsel for the defendant, Junmyung Lee (the

"Defendant"), who assents to this motion.

In support of this motion, the United States submits the following:

1. On February 1, 2024, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment charging the Defendant, and others, with Conspiracy to Persuade, Induce, Entice, and Coerce One or More Individuals to Travel in Interstate or Foreign Commerce to Engage in Prostitution, in violation of 18 U.S.C. § 371 (Count One); and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two).

2. The Indictment also contained a Prostitution Conspiracy Forfeiture Allegation, which gave the Defendant notice that the United States sought forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited included the Corvette, among other assets of the Defendant, and his co-defendants.

3. The Indictment also contained a Money Laundering Forfeiture Allegation, which gave the Defendant notice that the United States sough forfeiture, pursuant to 18 U.S.C. § 982(a)(1), and upon conviction of the Defendant of the offense alleged in Count Two of the Indictment, of any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited included the Corvette, among other assets of the Defendant, and his co-defendants.

4. The Corvette is in the custody of the Department of Homeland Security, CBP, which is incurring storage costs. The lienholder, Lendbuzz, informed the United States that the Defendant, who is the registered owner of the Corvette, is several months behind on payments of an outstanding loan on the Corvette. In addition to the loss of value of the Corvette, based upon

the loan default, the Corvette will further lose value during the pendency of this case. Through his counsel, the Defendant has consented to the interlocutory sale of the Corvette. In addition, Lendbuzz has consented to the sale of the Corvette.

4. Pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, the Court may order the interlocutory sale of property alleged to be forfeitable at any time before entry of a final forfeiture order in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure. Supplemental Rule G(7) of the Federal Rules of Civil Procedure, in turn, provides that the Court is authorized to order the sale of property alleged to be forfeitable if the expense of keeping the property is excessive or is disproportionate to its fair market value or for other good cause, among other grounds.

5. An Order allowing the proposed interlocutory sale of the Corvette will aid in preserving the equivalent value of the Corvette for forfeiture and provides the best means of maximizing and preserving the equity in the Corvette.

6. The proposed interlocutory sale of the Corvette will not affect the criminal proceedings relating to the Indictment, nor will it cause prejudice to any party.

7. The United States has entered into an Expedited Settlement Agreement with Lendbuzz, which is attached as Exhibit 1.

8. The United States requests that an Order for the Interlocutory Sale of the Corvette include the following terms:

   a. The Defendant shall promptly execute any and all documents necessary to transfer possession of, and clear title to, the Corvette to the United States for the sole purpose of the interlocutory sale of the Corvette.

   b. CBP shall sell the Corvette. CBP shall arrange for, and shall have sole control of, the sale of the Corvette, in accordance with the regulations prescribed by the Department of Justice and the policies regarding the disposition of properties

       subject to forfeiture. CBP may, among other things, retain professionals in its reasonable best efforts to auction and sell the Corvette at the highest possible price. CBP shall have sole discretion in negotiating, accepting, and rejecting offers for the Corvette.

c.    The net proceeds of the sale of the Corvette will include all monies realized from the sale of the Corvette, minus the following:

    (i)    the verified, outstanding lien of Lendbuzz, as defined in the Expedited Settlement Agreement; and

    (ii)    all seizure, storage, auction, and sales costs and expenses reasonably incurred by the United States in marketing and selling the Corvette.

d.    CBP shall deposit any remaining net proceeds of the sale of the Corvette in the TSA, pending adjudication of any and all forfeiture proceedings, further stipulation of the Parties, or by an order of the United States District Court. The net proceeds of the sale of the Corvette shall be held in lieu of the Corvette in connection with any subsequent forfeiture proceedings.

e.    Upon satisfaction of its lien from the net proceeds, and unless specifically directed by the Court, Lendbuzz shall be excused and relieved from further participation in this action.

f.    At the conclusion of the criminal case and any forfeiture proceedings relating to the Corvette, the net sale proceeds held in the TSA will be disposed of according to law.

WHEREFORE, the United States requests that this Court enter an Order, pursuant to Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, authorizing the interlocutory sale of the Corvette, and directing CBP to receive and hold the net proceeds in the TSA. A proposed Order is submitted herewith for the consideration by the Court.

Respectfully submitted,

JOSHUA S. LEVY
ACTING UNITED STATES ATTORNEY,

By: */s/ Raquelle L. Kaye*
LINDSEY WEINSTEIN HERSCOVICI
RAQUELLE L. KAYE
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Date: July 2, 2024