CUSTODY,INTERP,VICTIM

# United States District Court
# District of Massachusetts (Boston)
# CRIMINAL DOCKET FOR CASE #: 1:24−cr−10035−JEK−2

Case title: USA v. Lee et al

Magistrate judge case number: 1:23−mj−04605−DHH

Date Filed: 02/01/2024

Date Terminated: 05/29/2025

Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts
By: [signature]
Deputy Clerk
Date: 5/18/2026

Assigned to: District Judge Julia E. Kobick

**Defendant (2)**

| | | |
|---|---|---|
| **James Lee**<br>*TERMINATED: 05/29/2025* | represented by | **Keith S. Halpern**<br>572 Washington Street<br>Suite 19<br>Wellesley, MA 02482<br>617−722−9952<br>Email: ksh@keithhalpern.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:371 − CONSPIRACY TO COMMIT PERSUADE, INDUCE, AND COERCE ONE OR MORE INDIVIDUALS TO TRAVEL IN INTERSTATE OR FOREIGN COMMERCE TO ENGAGE IN PROSTITUTION<br>(1) | Dismissed. |
| 18:371 − CONSPIRACY TO COMMIT PERSUADE, INDUCE, ENTICE, AND COERCE ONE OR MORE INDIVIDUALS TO TRAVEL IN INTERSTATE OR FOREIGN COMMERCE TO ENGAGE IN PROSTITUTION<br>(1s) | The Court orders the defendant committed to the custody of the Bureau of Prisons for a term 27 months on Counts 1−3, to be served concurrently. Upon release, the defendant is placed on a term of supervised release for a term of 3 years on Counts 1−3, to be served concurrently, with mandatory, standard, and special conditions. The Court does not order a fine. The Court orders restitution in an amount to later be determined to Victims A−F. The Court orders restitution to Harvard Small Business Finance, LLC ($20,833) and Small Business |

| | |
|---|---|
| | Association ($548,290) totaling $569,123. The Court further imposes a special assessment of $300. |
| 18:1956(h) − MONEY LAUNDERING CONSPIRACY (2) | Dismissed. |
| 18:1956(h) − MONEY LAUNDERING CONSPIRACY (2s) | The Court orders the defendant committed to the custody of the Bureau of Prisons for a term 27 months on Counts 1−3, to be served concurrently. Upon release, the defendant is placed on a term of supervised release for a term of 3 years on Counts 1−3, to be served concurrently, with mandatory, standard, and special conditions. The Court does not order a fine. The Court orders restitution in an amount to later be determined to Victims A−F. The Court orders restitution to Harvard Small Business Finance, LLC ($20,833) and Small Business Association ($548,290) totaling $569,123. The Court further imposes a special assessment of $300. |
| 18:1343 − WIRE FRAUD (3) | The Court orders the defendant committed to the custody of the Bureau of Prisons for a term 27 months on Counts 1−3, to be served concurrently. Upon release, the defendant is placed on a term of supervised release for a term of 3 years on Counts 1−3, to be served concurrently, with mandatory, standard, and special conditions. The Court does not order a fine. The Court orders restitution in an amount to later be determined to Victims A−F. The Court orders restitution to Harvard Small Business Finance, LLC ($20,833) and Small Business Association ($548,290) totaling $569,123. The Court further imposes a special assessment of $300. |

**<u>Highest Offense Level (Opening)</u>**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|

18 U.S.C. ss. 371 and 2422: Conspiracy to persuade, induce, entice, and coerce one or more individuals to travel in interstate or foreign commerce to engage in prostitution.

**Plaintiff**

**USA** represented by

**Lindsey E. Weinstein**
United States Attorney's Office MA
1 Courthouse Way
Suite 9200
Boston, MA 02210
(617) 748−3100
Email: lindsey.weinstein.herscovici@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Raquelle L. Kaye**
United States Attorney's Office MA
1 Courthouse Way
Suite 9200
Boston, MA 02210
617−748−3403
Email: raquelle.kaye@usdoj.gov
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 11/06/2023 | 1 | MOTION to Seal as to Han Lee, James Lee, Junmyung Lee by USA. (King, Dawn) [1:23−mj−04605−DHH] (Entered: 11/07/2023) |
| 11/06/2023 | 2 | Magistrate Judge David H. Hennessy: ELECTRONIC ORDER entered granting 1 Motion to Seal as to Han Lee (1), James Lee (2), Junmyung Lee (3) (King, Dawn) [1:23−mj−04605−DHH] (Entered: 11/07/2023) |
| 11/06/2023 | 3 | COMPLAINT as to Han Lee (1), James Lee (2), Junmyung Lee (3). (Attachments: # 1 Affidavit of Zachary A. Mitlitsky, # 2 JS45−Han Lee, # 3 JS45−James Lee, # 4 JS45−Junmyung Lee)(King, Dawn) (Additional attachment(s) added on 11/8/2023: # 5 Affidavit Redacted) (King, Dawn). [1:23−mj−04605−DHH] (Entered: 11/07/2023) |
| 11/07/2023 | 7 | ELECTRONIC NOTICE of Case Assignment as to Han Lee, James Lee, Junmyung Lee; Magistrate Judge David H. Hennessy assigned to case. (Alves−Baptista, Antonia) [1:23−mj−04605−DHH] (Entered: 11/07/2023) |
| 11/08/2023 | 8 | MOTION to Unseal Case In Part as to Han Lee, James Lee, Junmyung Lee by USA. (King, Dawn) [1:23−mj−04605−DHH] (Entered: 11/08/2023) |
| 11/08/2023 | 9 | |

| | | |
|---|---|---|
| | | Magistrate Judge David H. Hennessy: ELECTRONIC ORDER entered granting 8 Motion to Unseal Case as to Han Lee (1), James Lee (2), Junmyung Lee (3) (King, Dawn) [1:23−mj−04605−DHH] (Entered: 11/08/2023) |
| 11/08/2023 | | Arrest of James Lee in California. (King, Dawn) [1:23−mj−04605−DHH] (Entered: 11/08/2023) |
| 11/08/2023 | 13 | MOTION for Detention as to James Lee by USA. (Attachments: # 1 Affidavit in support of detention)(Weinstein, Lindsey) [1:23−mj−04605−DHH] (Entered: 11/08/2023) |
| 11/09/2023 | 16 | Magistrate Judge David H. Hennessy: ORDER entered. CJA 20 as to James Lee: Appointment of Attorney Keith Halpern, Added attorney Keith Halpern. (King, Dawn) [1:23−mj−04605−DHH] (Entered: 11/09/2023) |
| 11/13/2023 | 21 | Magistrate Judge David H. Hennessy: ORDER entered. ORDER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 5 as to Han Lee, James Lee, Junmyung Lee. (King, Dawn) [1:23−mj−04605−DHH] (Entered: 11/13/2023) |
| 11/14/2023 | 22 | Rule 5(c)(3) Documents Received as to James Lee from Dist. Ca. Central. (King, Dawn) [1:23−mj−04605−DHH] (Entered: 11/14/2023) |
| 11/22/2023 | 24 | MOTION for Detention as to Han Lee and Junmyung Lee by USA. (Attachments: # 1 Affidavit of Special Agent Mitlitsky in Support of Detention)(Weinstein, Lindsey)[1:23−mj−04605−DHH] Modified on 4/1/2024 to delete reference to James Lee (King, Dawn). (Entered: 11/22/2023) |
| 01/10/2024 | 35 | ELECTRONIC NOTICE OF HEARING for Initial Appearance as to James Lee.<br><br>IN PERSON Initial Appearance set for 1/16/2024 at 2:00 PM in Courtroom 1 − Worcester (In person only) before Magistrate Judge David H. Hennessy. (King, Dawn) [1:23−mj−04605−DHH] (Entered: 01/10/2024) |
| 01/16/2024 | 36 | Electronic Clerk's Notes for proceedings held before Magistrate Judge David H. Hennessy: Initial Appearance as to James Lee held on 1/16/2024.<br><br>Interpreter sworn (Borden, Sunmi). Case called. Defendant appears with counsel (CJA: Halpern, K.) Court informs Defendant of reason for his appearance, charges, rights and constitutional rights. Government states maximum penalties. Defendant submits a financial affidavit in this district. Court appoints CJA Halpern to represent Defendant. Government states Defendant has an order of detention from California but it is unclear if Defendant contested it based upon the form presented by the Government from California. Defendant will waive detention now and Court will order a voluntary order of detention, without prejudice. Defendant advised of his right to a Preliminary Hearing. Defendant will waive the Preliminary Hearing. Court finds a knowing and voluntary waiver of same. Court gives oral Brady order, written to issue as well. Defendant returned to the custody of the United States Marshal.<br><br>(Attorneys present: Friedholm, Halpern, PO Cordoba. )Court Reporter Name and Contact or digital recording information: Digital Recording. To order a copy of this Digital Recording, please email the Court at https://forms.mad.uscourts.gov/Audio.html . For a transcript of this proceeding, contact the Court by email at mad_transcripts@mad.uscourts.gov. Interpreter name: Sunmi Borden (MIR), Language: Korean. (King, Dawn) [1:23−mj−04605−DHH] (Entered: 01/16/2024) |

| | | |
|---|---|---|
| 01/16/2024 | 38 | WAIVER of Preliminary Hearing by James Lee. (King, Dawn) [1:23−mj−04605−DHH] (Entered: 01/16/2024) |
| 01/17/2024 | 39 | Magistrate Judge David H. Hennessy: ORDER entered. MEMORANDUM AND ORDER OF DETENTION as to James Lee. (King, Dawn) [1:23−mj−04605−DHH] (Entered: 01/17/2024) |
| 02/01/2024 | 41 | INDICTMENT as to Han Lee (1) count(s) 1, 2, James Lee (2) count(s) 1, 2, Junmyung Lee (3) count(s) 1, 2. (Attachments: # 1 JS45)(Alves−Baptista, Antonia) (Entered: 02/01/2024) |
| 02/01/2024 | 42 | ELECTRONIC NOTICE of Case Assignment as to Han Lee, James Lee, Junmyung Lee; District Judge Julia E. Kobick assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge David H. Hennessy. (Alves−Baptista, Antonia) (Entered: 02/01/2024) |
| 02/01/2024 | 43 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered. Order Referring Case to Magistrate Judge David H. Hennessy Reason for referral: Full Pretrial Proceedings as to Han Lee, James Lee, Junmyung Lee (Alves−Baptista, Antonia) (Entered: 02/01/2024) |
| 02/02/2024 | 44 | ELECTRONIC NOTICE OF HEARING as to Han Lee, James Lee, Junmyung Lee.<br><br>IN PERSON Arraignments set for 2/6/2024 at 2:30 PM in Courtroom 1 − Worcester (In person only) before Magistrate Judge David H. Hennessy. (King, Dawn) (Entered: 02/02/2024) |
| 02/06/2024 | 46 | Electronic Clerk's Notes for proceedings held before Magistrate Judge David H. Hennessy: Arraignments as to Han Lee (1) Counts 1, 2; James Lee (2) Counts 1, 2 and Junmyung Lee (3) Counts 1, 2 held on 2/6/2024.<br><br>Interpreter sworn (Melton, Myung−Ja). Case called. Defendants appears in custody and with counsel (Lauer for Lee, H.; Halpern for Lee, James; Amabile for Lee, Junmyung). Court advises Defendants of reasons for their appearance. Defendant advised of charges, rights and constitutional rights. Government states maximum penalties. Defendants are advised of their right to counsel.<br><br>Defendant Han Lee has reviewed the Indictment with counsel. Defendant waives reading of Indictment. Defendant pleads NOT GUILTY on Counts 1 and 2.<br><br>Defendant James Lee has reviewed the Indictment with counsel. Defendant waives reading of Indictment. Defendant pleads NOT GUILTY on Counts 1 and 2.<br><br>Defendant Junmyung Lee has reviewed the Indictment with counsel. Defendant waives reading of Indictment. Defendant pleads NOT GUILTY on Counts 1 and 2.<br><br>Government requests 28 days for automatic discovery, due 3/5/24. Initial Status Conference VIA PHONE set for 3/19/2024 at 9:30 AM in Courtroom 16−Boston (Remote only) before Magistrate Judge David H. Hennessy. Court to exclude time, without objection. Defendant Lee, H. is returned to custody of USMS while Lee, James stays to observe the detention hearing (declining interpreter for this purpose). |

| | | |
|---|---|---|
| | | Court proceeds with Defendant Junmyung Lee's detention hearing. Defendant Junmyung Lee declines the services of the interpreter, but the interpreter remains seated next to him, if needed.<br><br>Court hears from the government, who continues to move for detention, stating reasons therefore. Court hears from the Defendant Junmyung Lee's counsel who seeks release with conditions proposed by Probation with some changes, as stated on the record. Defendant's passport was seized at the time of arrest. Court will release Defendant on conditions with a $25,000.00 unsecured bond. Probation states it will use radio frequently for location monitoring in this case. Court issues a warrant in abeyance. Defendant Junmyung Lee is ordered released after processing. Defendant James Lee is returned to custody of USMS.<br><br>(Attorneys present: Weinstein; Lauer for Lee, H.; Halpern for Lee, James, Amabile for Lee, Junmyung, PO Crawford. )Court Reporter Name and Contact or digital recording information: Digital Recording. To order a copy of this Digital Recording, please email the Court at https://forms.mad.uscourts.gov/Audio.html . For a transcript of this proceeding, contact the Court by email at mad_transcripts@mad.uscourts.gov. (King, Dawn) (Entered: 02/06/2024) |
| 02/06/2024 | 51 | Magistrate Judge David H. Hennessy: ORDER entered. INITIAL SCHEDULING ORDER as to Han Lee, James Lee, Junmyung Lee.<br><br>Initial Status Conference VIA PHONE set for 3/19/2024 at 9:30 AM in Courtroom 16−Boston (Remote only) before Magistrate Judge David H. Hennessy. (King, Dawn) (Entered: 02/07/2024) |
| 02/06/2024 | 52 | NOTICE OF INITIAL STATUS CONFERENCE as to Han Lee, James Lee, Junmyung Lee.<br><br>Initial Status Conference VIA PHONE set for 3/19/2024 at 9:30 AM in Courtroom 16−Boston (Remote only) before Magistrate Judge David H. Hennessy. (King, Dawn) (Entered: 02/07/2024) |
| 02/06/2024 | 53 | Magistrate Judge David H. Hennessy: ORDER entered. ORDER ON EXCLUDABLE TIME as to Han Lee, James Lee, Junmyung Lee. Time excluded from 2/6/24 until 3/19/24. Reason for entry of order on excludable delay: 18 U.S.C. § 3161(h)(7)(A) Interests of justice. (King, Dawn) (Entered: 02/07/2024) |
| 03/18/2024 | 58 | Arrest Warrant Returned Executed on 11/8/2023 as to James Lee. (Barrows, Jennifer) (Entered: 03/20/2024) |
| 03/19/2024 | 54 | STATUS REPORT *assented to initial* by USA as to Han Lee, James Lee, Junmyung Lee (Weinstein, Lindsey) (Entered: 03/19/2024) |
| 03/19/2024 | 55 | Magistrate Judge David H. Hennessy: ELECTRONIC ORDER entered. ORDER Initial Status Conference on 3/19/2024 as to Han Lee, James Lee, Junmyung Lee. (King, Dawn) (Entered: 03/19/2024) |
| 03/19/2024 | 56 | Magistrate Judge David H. Hennessy: ORDER entered. REPORT IN LIEU OF INITIAL STATUS CONFERENCE PURSUANT TO LOCAL RULE 116.5(a) as to Han Lee, James Lee, Junmyung Lee. |

| | | |
|---|---|---|
| | | Interim Status Conference VIA PHONE set for 4/30/2024 at 9:30 AM in Courtroom 1 − Worcester (Remote only) before Magistrate Judge David H. Hennessy. (King, Dawn) (Entered: 03/19/2024) |
| 03/19/2024 | 57 | Magistrate Judge David H. Hennessy: ORDER entered. ORDER ON EXCLUDABLE TIME as to Han Lee, James Lee, Junmyung Lee. Time excluded from 3/19/24 until 4/30/24. Reason for entry of order on excludable delay: 18 U.S.C. § 3161(h)(7)(A) Interests of justice. (King, Dawn) (Entered: 03/19/2024) |
| 04/01/2024 | 59 | Magistrate Judge David H. Hennessy: ELECTRONIC ORDER entered denying with leave to refile 24 MOTION for Detention as to Han Lee and Junmyung Lee by USA. (2); denying with leave to refile 13 MOTION for Detention as to James Lee (2). (King, Dawn) (Entered: 04/01/2024) |
| 04/29/2024 | 64 | Assented to MOTION for Protective Order as to Han Lee, James Lee, Junmyung Lee by USA. (Attachments: # 1 Text of Proposed Order Proposed Protective Order)(Weinstein, Lindsey) (Entered: 04/29/2024) |
| 04/29/2024 | 65 | STATUS REPORT *Interim − Assented to* by USA as to Han Lee, James Lee, Junmyung Lee (Weinstein, Lindsey) (Entered: 04/29/2024) |
| 04/30/2024 | 66 | Electronic Clerk's Notes for proceedings held before Magistrate Judge David H. Hennessy: Interim Status Conference as to Han Lee, James Lee, Junmyung Lee held on 4/30/2024.<br><br>Case called. Parties discuss the status of the case, discovery and any plea discussion. Final Status Conference date to be set in June.<br><br>(Attorneys present: Weinstein; Lauer; Amabile, Bradbury; Halpern. )Court Reporter Name and Contact or digital recording information: Digital Recording. To order a copy of this Digital Recording, please email the Court at https://forms.mad.uscourts.gov/Audio.html . For a transcript of this proceeding, contact the Court by email at mad_transcripts@mad.uscourts.gov. (King, Dawn) (Entered: 04/30/2024) |
| 04/30/2024 | 67 | Magistrate Judge David H. Hennessy: ORDER entered. REPORT AFTER INTERIM STATUS CONFERENCE PURSUANT TO LOCAL RULE 116.5(b) as to Han Lee, James Lee, Junmyung Lee. (King, Dawn) (Entered: 04/30/2024) |
| 04/30/2024 | 68 | ELECTRONIC NOTICE OF HEARING as to Han Lee, James Lee, Junmyung Lee Further Interim Status Conference set for 6/6/2024 at 9:30 AM in Courtroom 1 − Worcester (Remote only) before Magistrate Judge David H. Hennessy. (King, Dawn) (Entered: 04/30/2024) |
| 04/30/2024 | 69 | Magistrate Judge David H. Hennessy: ORDER entered. ORDER ON EXCLUDABLE TIME as to Han Lee, James Lee, Junmyung Lee. Time excluded from 4/30/24 until 6/6/24. Reason for entry of order on excludable delay: 18 U.S.C. § 3161(h)(7)(A) Interests of justice. (King, Dawn) (Entered: 04/30/2024) |
| 05/01/2024 | 70 | Magistrate Judge David H. Hennessy: ORDER entered granting 64 Motion for Protective Order as to Han Lee (1), James Lee (2), Junmyung Lee (3) (King, Dawn) (Entered: 05/01/2024) |
| 05/01/2024 | 71 | Magistrate Judge David H. Hennessy: ORDER entered. PROTECTIVE ORDER as to Han Lee, James Lee, Junmyung Lee (King, Dawn) (Entered: 05/01/2024) |

| | | |
|---|---|---|
| 06/05/2024 | 72 | STATUS REPORT *Assented to Interim Report* by USA as to Han Lee, James Lee, Junmyung Lee (Weinstein, Lindsey) (Entered: 06/05/2024) |
| 06/06/2024 | 73 | Magistrate Judge David H. Hennessy: ELECTRONIC ORDER entered. ORDER CANCELING INTERIM STATUS CONFERENCE ON 6/6/24 as to Han Lee, James Lee, Junmyung Lee. (King, Dawn) (Entered: 06/06/2024) |
| 06/10/2024 | 74 | Magistrate Judge David H. Hennessy: REPORT AFTER FURTHER INTERIM STATUS CONFERENCE PURSUANT TO LOCAL RULE 116.5(b) entered. as to Han Lee, James Lee, Junmyung Lee<br><br>Further Interim Status Conference set for 7/18/2024 at 9:30 AM in Courtroom 1 − Worcester (Remote only) before Magistrate Judge David H. Hennessy. (King, Dawn) (Entered: 06/10/2024) |
| 06/10/2024 | 75 | Magistrate Judge David H. Hennessy: ORDER entered. ORDER ON EXCLUDABLE TIME as to Han Lee, James Lee, Junmyung Lee. Time excluded from 6/6/24 until 7/18/24. Reason for entry of order on excludable delay: 18 U.S.C. § 3161(h)(7)(A) Interests of justice. (King, Dawn) (Entered: 06/10/2024) |
| 07/17/2024 | 79 | STATUS REPORT *interim* by USA as to Han Lee, James Lee, Junmyung Lee (Weinstein, Lindsey) (Entered: 07/17/2024) |
| 07/18/2024 | 80 | Electronic Clerk's Notes for proceedings held before Magistrate Judge David H. Hennessy: Further Interim Status Conference as to Han Lee, James Lee, Junmyung Lee held on 7/18/2024.<br><br>Case called. Parties request the case be sent to the district judge and for a date in September. Government is to produce some more discovery to Han Lee. No need to set a motion schedule. Parties anticipate a very small possibility of the matter going to trial for all three defendants. Court to exclude time, no objections.<br><br>(Attorneys present: Weinstein; Lauer, Amabile and Bradbury, Halpern. )Court Reporter Name and Contact or digital recording information: Digital Recording. To order a copy of this Digital Recording, please email the Court at https://forms.mad.uscourts.gov/Audio.html . For a transcript of this proceeding, contact the Court by email at mad_transcripts@mad.uscourts.gov. (King, Dawn) (Entered: 07/18/2024) |
| 07/18/2024 | 81 | Magistrate Judge David H. Hennessy: ORDER entered. REPORT AFTER FINAL STATUS CONFERENCE PURSUANT TO LOCAL RULE 116.5(c) as to Han Lee, James Lee, Junmyung Lee. (King, Dawn) (Entered: 07/18/2024) |
| 07/18/2024 | 82 | Magistrate Judge David H. Hennessy: ORDER entered. ORDER ON EXCLUDABLE TIME as to Han Lee, James Lee, Junmyung Lee. Reason for entry of order on excludable delay: 18 U.S.C. § 3161(h)(7)(A) Interests of justice. (King, Dawn) (Entered: 07/18/2024) |
| 07/18/2024 | 83 | Case as to Han Lee, James Lee, Junmyung Lee no longer referred to Magistrate Judge David H. Hennessy. (King, Dawn) (Entered: 07/18/2024) |
| 07/18/2024 | 84 | District Judge Julia E. Kobick: ELECTRONIC ORDER acknowledging 81 Report and Order on Final Status Conference by Magistrate Judge as to Han Lee (1), James Lee (2), Junmyung Lee (3). (Currie, Haley) (Entered: 07/18/2024) |

| | | |
|---|---|---|
| 07/19/2024 | 85 | ELECTRONIC NOTICE OF HEARING as to Han Lee, James Lee, Junmyung Lee<br><br>Initial Pretrial Conference set for 9/13/2024 02:00 PM in Courtroom 3 (In person only) before District Judge Julia E. Kobick. (Currie, Haley) (Entered: 07/19/2024) |
| 09/09/2024 | 102 | Assented to MOTION to Continue to 45 days to Initial Pretrial Conference as to James Lee. (Halpern, Keith) (Entered: 09/09/2024) |
| 09/09/2024 | 103 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 102 Assented to MOTION to Continue to 45 days to Initial Pretrial Conference as to James Lee (2)<br><br>NOTICE OF RESCHEDULING:<br>Initial Pretrial Conference set for 10/29/2024 03:00 PM in Courtroom 3 (In person only) before District Judge Julia E. Kobick. (Currie, Haley) (Entered: 09/09/2024) |
| 09/11/2024 | 104 | Assented to MOTION for Excludable Delay from 9/13/2024 to 10/29/2024 as to James Lee by USA. (Weinstein, Lindsey) (Entered: 09/11/2024) |
| 09/11/2024 | 105 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 104 Assented to MOTION for Excludable Delay from 9/13/2024 to 10/29/2024 as to James Lee (2) (Currie, Haley) (Entered: 09/11/2024) |
| 09/11/2024 | 106 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered. ORDER ON EXCLUDABLE DELAY as to James Lee. Time excluded from September 13, 2024 until October 29, 2024. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Currie, Haley) (Entered: 09/11/2024) |
| 10/29/2024 | 116 | Electronic Clerk's Notes for proceedings held before District Judge Julia E. Kobick: Initial Pretrial Conference as to James Lee held on 10/29/2024.<br><br>Case called. The Court notes we are here on an initial pretrial conference and asks the parties if the case will be going to trial. The government notes for the Court that it has been working with US Attorneys in California regarding the defendant's covid loan fraud which is why there has been some delay. The parties inform the Court they are in the process of negotiating a plea and think it is appropriate to schedule a Rule 11 for the second or third week of December. The parties also inform the Court they do not foresee a need to schedule a trial date today. The parties will reach out to the clerk for a date that works for the change of plea. At the assent of the parties, all time will be excluded through the scheduled Rule 11.<br><br>(Attorneys present: Lindsey E. Weinstein for the Government. Keith S. Halpern for the Defendant.)Court Reporter Name and Contact or digital recording information: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com. (Currie, Haley) (Entered: 10/29/2024) |
| 11/06/2024 | 123 | ELECTRONIC NOTICE OF HEARING as to James Lee −<br><br>Rule 11 Hearing set for 12/18/2024 03:00 PM in Courtroom 3 (In person only) before District Judge Julia E. Kobick.<br><br>It is ORDERED that a copy of the written plea agreement, and/or any waiver of indictment, together with notice whether detention may follow acceptance of the plea, shall be submitted to the Courtroom Deputy Clerk (haley_currie@mad.uscourts.gov) no later than three (3) business days before the |

| | | |
|---|---|---|
| | | scheduled Rule 11 hearing.<br><br>Counsel is to contact U.S. Probation and Pretrial Services as soon as possible http://www.map.uscourts.gov/psi−interview−schedule to determine scheduling of the presentence interview. (Currie, Haley) (Entered: 11/06/2024) |
| 11/06/2024 | 124 | NOTICE TO COUNSEL − Probation Interview of Defendant as to James Lee (Currie, Haley) (Entered: 11/06/2024) |
| 11/06/2024 | 125 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered. ORDER ON EXCLUDABLE DELAY as to James Lee. Time excluded from October 29, 2024 until December 18, 2024. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Currie, Haley) (Entered: 11/06/2024) |
| 12/16/2024 | 130 | Joint MOTION to Continue to for 45 Days to Rule 11 Hearing as to James Lee. (Halpern, Keith) (Entered: 12/16/2024) |
| 12/16/2024 | 131 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 130 Joint MOTION to Continue to for 45 Days to Rule 11 Hearing as to James Lee (2)<br><br>NOTICE OF RESCHEDULING:<br>Rule 11 Hearing set for 2/5/2025 03:00 PM in Courtroom 3 (In person only) before District Judge Julia E. Kobick. (Currie, Haley) (Entered: 12/16/2024) |
| 12/16/2024 | 132 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered. ORDER ON EXCLUDABLE DELAY as to James Lee. Time excluded from December 18, 2024 until February 5, 2025. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Currie, Haley) (Entered: 12/16/2024) |
| 12/19/2024 | 133 | MOTION for Pre−Plea PSR as to James Lee. (Halpern, Keith) (Entered: 12/19/2024) |
| 12/20/2024 | 135 | ELECTRONIC NOTICE OF HEARING as to Han Lee, James Lee, Junmyung Lee −<br><br>Status Conference set for 1/10/2025 11:00 AM in Courtroom 3 (In person only) before District Judge Julia E. Kobick. (Currie, Haley) (Entered: 12/20/2024) |
| 01/03/2025 | 136 | Assented to MOTION to Withdraw Document 133 MOTION for Pre−Plea PSR as to James Lee. (Halpern, Keith) (Entered: 01/03/2025) |
| 01/03/2025 | 137 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 136 Assented to MOTION to Withdraw Document 133 MOTION for Pre−Plea PSR as to James Lee (2) (Currie, Haley) (Entered: 01/03/2025) |
| 01/08/2025 | 138 | Assented to MOTION to Continue to 1/15/2025 as to Han Lee, James Lee, Junmyung Lee by USA. (Weinstein, Lindsey) (Entered: 01/08/2025) |
| 01/08/2025 | 139 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 138 Assented to MOTION to Continue to 1/15/2025 as to Han Lee, James Lee, Junmyung Lee<br><br>NOTICE OF RESCHEDULING **as to Han Lee (1) ONLY**<br>Status Conference set for 1/15/2025 11:00 AM in Courtroom 3 (In person only) before District Judge Julia E. Kobick. Counsel for the government and Han Lee are required to attend. Counsel for James Lee (2) and Junmyung Lee (3) are **not** required to attend. (HEC) (Entered: 01/08/2025) |
| 01/29/2025 | 147 | |

| | | |
|---|---|---|
| | | Assented to MOTION to Continue *Rule 11 Hearing* as to James Lee by USA. (Weinstein, Lindsey) (Entered: 01/29/2025) |
| 01/29/2025 | 148 | District Judge Julia E. Kobick: ELECTRONIC ORDER granting 147 Assented to MOTION to Continue Rule 11 Hearing as to James Lee (2) −<br><br>NOTICE OF RESCHEDULING:<br>Rule 11 Hearing set for 2/26/2025 03:30 PM in Courtroom 3 (In person only) before District Judge Julia E. Kobick. (Currie, Haley) (Entered: 01/29/2025) |
| 01/29/2025 | 149 | District Judge Julia E. Kobick: ELECTRONIC ORDER entered. ORDER ON EXCLUDABLE DELAY as to James Lee. Time excluded from February 5, 2025 until February 26, 2025. Reason for entry of order on excludable delay: 18 USC 3161(h)(7)(A) Interests of justice. (Currie, Haley) (Entered: 01/29/2025) |
| 02/25/2025 | 150 | SUPERSEDING INFORMATION (Felony) as to James Lee (2) count(s) 1s, 2s, 3. (Attachments: # 1 JS45)(AB) (Entered: 02/25/2025) |
| 02/25/2025 | 151 | ELECTRONIC NOTICE OF RESCHEDULING **− AS TO HEARING TYPE ONLY −** as to James Lee<br><br>Waiver of Indictment and Plea to Information hearing set for 2/26/2025 03:30 PM in Courtroom 3 (In person only) before District Judge Julia E. Kobick.<br><br>Counsel is to contact U.S. Probation and Pretrial Services as soon as possible http://www.map.uscourts.gov/psi−interview−schedule to determine scheduling of the presentence interview. (Currie, Haley) (Entered: 02/25/2025) |
| 02/26/2025 | 152 | PLEA AGREEMENT as to James Lee (Currie, Haley) (Entered: 02/26/2025) |
| 02/26/2025 | 153 | WAIVER OF INDICTMENT by James Lee (Currie, Haley) (Entered: 02/26/2025) |
| 02/26/2025 | 154 | Electronic Clerk's Notes for proceedings held before District Judge Julia E. Kobick: Waiver of Indictment and Plea to Information as to James Lee held on 2/26/2025.<br><br>Case called. Interpreter and Defendant sworn. Counsel for the defendant confirms the defendant does not need full interpretation but if the defendant has questions he will asks the interpreter for help. The Court has colloquy with the defendant. The defendant agrees he has received a copy of the Superseding Information and confirms he has reviewed with his counsel the facts and circumstances of the charges. All formal offers have been discussed with the defendant by his counsel. The Court reviews the defendant's rights to be charged by an indictment by a grand jury. The defendant agrees he waives indictment and has signed the Waiver. The Waiver of Indictment is found to be knowing and voluntary and is accepted and signed by the Court. The parties confirm there is a plea agreement in this case. The defendant confirms that he reviewed the agreement with his counsel before signing. The Government summarizes the basic terms of the plea agreement. The Court reviews the maximum possible penalties as applicable. The Court reviews sentencing guidelines and how it may apply to the defendant's sentence. The Court reviews the right to not plead guilty and to go to trial. The Government summarizes the charge, the essential elements, and the factual basis of the charge. The defendant agrees with the factual basis. The Court finds the defendant capable and competent and finds the defendant is aware of the charges and consequences and the plea is knowing and voluntary. The Court accepts the plea entered by James Lee (2) Guilty Counts 1s, 2s |

| | | |
|---|---|---|
| | | and 3. The parties agree the defendant shall remain detained pending sentencing. The Court sets a sentencing hearing for 4/29/2025 at 2 PM as long as the probation office can conduct the PSR for that date. The Court informs the parties it will schedule the sentencing hearing the week of May 19th or May 26 if the probation office needs that extra time. Procedural Order re Sentencing to follow.<br><br>(Attorneys present: Lindsey Weinstein for the Government. Keith Halpern for the Defendant.)Court Reporter Name and Contact or digital recording information: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com. Interpreter name: Aryung Pinto, Language: Korean. (Currie, Haley) (Entered: 02/26/2025) |
| 02/27/2025 | 155 | District Judge Julia E. Kobick: PROCEDURAL ORDER entered re sentencing hearing as to James Lee − Sentencing set for 5/28/2025 03:00 PM in Courtroom 3 (In person only) before District Judge Julia E. Kobick. (Currie, Haley) (Entered: 02/27/2025) |
| 03/06/2025 | 156 | NOTICE OF ATTORNEY APPEARANCE Raquelle L. Kaye appearing for USA. (Kaye, Raquelle) (Entered: 03/06/2025) |
| 05/19/2025 | 180 | SENTENCING MEMORANDUM by James Lee (Attachments: # 1 Letters)(Halpern, Keith) (Entered: 05/19/2025) |
| 05/21/2025 | 181 | MOTION for Forfeiture of Property *Order of Forfeiture (Money Judgment) and Preliminary Order of Forfeiture* as to James Lee by USA. (Attachments: # 1 Text of Proposed Order of Forfeiture (Money Judgment), # 2 Text of Proposed Preliminary Order of Forfeiture)(Kaye, Raquelle) (Entered: 05/21/2025) |
| 05/23/2025 | 182 | ELECTRONIC NOTICE OF RESCHEDULING as to James Lee **− AS TO TIME ONLY −**<br><br>Sentencing set for 5/28/2025 02:00 PM in Courtroom 3 (In person only) before District Judge Julia E. Kobick. (Currie, Haley) (Entered: 05/23/2025) |
| 05/27/2025 | 183 | SENTENCING MEMORANDUM by USA as to James Lee (Weinstein, Lindsey) (Entered: 05/27/2025) |
| 05/28/2025 | 186 | Electronic Clerk's Notes for proceedings held before District Judge Julia E. Kobick: Sentencing held on 5/28/2025 for James Lee (2), Count(s) 1s, 2s and 3.<br><br>Case called. Interpreter sworn. The Court confirms it has received and reviewed the pre−sentence report dated 5/21/2025, the government's sentencing memorandum 183 , the government's motion for forfeiture of property (order of forfeiture money judgment and preliminary order of forfeiture), ECF 181 , the defendant's sentencing memorandum 180 with attachments, and probation's recommendation. The Court confirms with probation that nothing has been withheld from the pre−sentence report. The defendant confirms he has reviewed the pre−sentence report with any interpretation that was needed with his counsel, and he agrees with the information in the report. The Court notes the objections to the pre−sentence report. The Court hears the parties on objections 1 and 2. The Court overrules objections 1 and 2 for the reasons stated on the record. Objection 3 resolved. The Court hears the parties on objection 4 and states its reasoning on the record. The Court orders probation to update the pre−sentence report at paragraph 101. The Court notes there are no objections to the factual statements or to the recommendation to the advisory guideline ranges and accepts the statements and adopts probation's calculations. The |

| | | |
|---|---|---|
| | | Court hears the parties' recommendations. The defendant exercises his right to allocution. The Court **grants** the motion for forfeiture 181 and will enter the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture with the judgment. The Court imposes the following sentence:<br><br>The Court orders the defendant committed to the custody of the Bureau of Prisons for a term 27 months on Counts 1−3, to be served concurrently. Upon release, the defendant is placed on a term of supervised release for a term of 3 years on Counts 1−3, to be served concurrently, with mandatory, standard, and special conditions. The Court does not order a fine. The Court orders restitution in an amount to later be determined to Victims A−F. The Court orders restitution to Harvard Small Business Finance, LLC ($20,833) and Small Business Association ($548,490) totaling $569,323. The Court further imposes a special assessment of $300. The defendant is reminded of his waiver of his right to appeal because of the plea agreement in this case. The defendant is remanded to the custody of the US Marshal.<br><br>(Attorneys present: Lindsey Weinstein for the Government. Samantha Jackson for Probation. Keith Halpern for the Defendant.)Court Reporter Name and Contact or digital recording information: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com. Interpreter name: Arien Pinto, Language: Korean. (Currie, Haley) (Entered: 05/28/2025) |
| 05/29/2025 | 187 | District Judge Julia E. Kobick: JUDGMENT entered as to James Lee (2), Count(s) 1−3 − The Court orders the defendant committed to the custody of the Bureau of Prisons for a term 27 months on Counts 1−3, to be served concurrently. Upon release, the defendant is placed on a term of supervised release for a term of 3 years on Counts 1−3, to be served concurrently, with mandatory, standard, and special conditions. The Court does not order a fine. The Court orders restitution in an amount to later be determined to Victims A−F. The Court orders restitution to Harvard Small Business Finance, LLC ($20,833) and Small Business Association ($548,290) totaling $569,123. The Court further imposes a special assessment of $300. (Attachments: # 1 Order of Forfeiture (Money Judgment), # 2 Preliminary Order of Forfeiture) (Currie, Haley) (Entered: 05/29/2025) |
| 04/22/2026 | 191 | Modified on 4/22/2026: Filed in error − please disregard (MacDonald, Suzanne) (EZG). (Entered: 04/22/2026) |
| 05/18/2026 | 192 | Probation Jurisdiction Transferred to Central District of California as to James Lee (2) − Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Currie, Haley) (Entered: 05/18/2026) |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

(1) HAN LEE, a/k/a "Hana,"
(2) JAMES LEE, and
(3) JUNMYUNG LEE,

Defendants

Criminal No. 24cr10035

Violations:

Count One: Conspiracy to Persuade, Induce, Entice, and Coerce One or More Individuals to Travel in Interstate or Foreign Commerce to Engage in Prostitution
(18 U.S.C. § 371)

Count Two: Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

Conspiracy Forfeiture Allegation:
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Money Laundering Forfeiture Allegation:
(18 U.S.C. § 982(a)(1))

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS
Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts
By: [signature]
Deputy Clerk
Date: 5/18/2026

INDICTMENT

At all times relevant to this Indictment:

General Allegations

Background

1. HAN LEE a/k/a "Hana" ("HAN") and JUNMYUNG LEE ("JUNMYUNG") were residents of Massachusetts.

2. JAMES LEE ("JAMES") was a resident of California.

3. The "Boston Brothel Phone" was a phone number used by the co-conspirators to communicate with and arrange appointments for sex buyers to engage in commercial sex with one of the women advertised on www.bostontopten10.com at one of the Boston Top Ten brothel locations.

4. The "Virginia Brothel Phone" was one of the phone numbers used by the co-conspirators to communicate with and arrange appointments for sex buyers to engage in commercial sex with one of the women advertised on www.browneyesgirlsva.blog at one of the Brown Eyes Girls' brothel locations.

5. Female A was a female who traveled to Massachusetts from another state to engage in prostitution. Female A was advertised on the www.bostontopten10.com website and was recovered on November 8, 2023 from the brothel located at 90 Fawcett Street, Unit 435 in Cambridge, Massachusetts.

6. Female B was a female who traveled to Massachusetts from another state to engage in prostitution. Female B was advertised on the www.bostontopten10.com website and was recovered on November 8, 2023 from the brothel located at 90 Fawcett Street, Unit 435 in Cambridge, Massachusetts.

7. Female C was a female who traveled to Massachusetts from another state to engage in prostitution. Female C was advertised on the www.bostontopten10.com website and was recovered on November 8, 2023 from the brothel located at 90 Fawcett Street, Unit 530 in Cambridge, Massachusetts.

8. Female D was a female who traveled to Massachusetts from another state to engage in prostitution. Female D was advertised on the www.bostontopten10.com website and was recovered on November 8, 2023 from the brothel located at 66 Bond Street, Unit 221 in Watertown, Massachusetts.

9. Female E was a female who traveled to Virginia from another state to engage in prostitution. Female E was advertised on the www.browneyesgirlsva.blog website and was recovered on November 8, 2023 from the brothel located at 1500 Westbranch Drive, Unit 649 in

Tysons, Virginia.

10. Female F was a female who traveled to Virginia from another state to engage in prostitution. Female F was advertised on the www.browneyesgirlsva.blog website and was recovered on November 8, 2023 from the brothel located at 2985 District Avenue, Unit 245, Fairfax, Virginia.

The Websites

11. The organization advertised its prostitution network primarily on two websites. Each of the websites advertised appointments with women in either greater Boston/Cambridge/Watertown (www.bostontopten10.com) or eastern Virginia (www.browneyesgirlsva.blog) (collectively, the "brothel websites"). Although www.bostontopten10.com claimed "it is expressly not a site that in any way solicits, encourages, nor sanctions any sexual activity" and www.browneyesgirlsva.blog claimed "[t]his site does not promote prostitution nor is this advertisement or any content therein an offer for prostitution," both sites did in fact promote and advertise prostitution. Both websites advertised the services generally and advertised the specific commercial sex workers, using stage names or nicknames, semi-nude and nude photographs, and brief descriptions of the measurements of the women. The women advertised on the websites were updated frequently, with postings that included "open" or "coming soon," showing a frequent rotation of women that kept the demand, and therefore profits, high for the prostitution network.

12. Each website described the process that a "client" must undertake to book appointments with the advertised women. The process was similar for both websites. Typically, first-time clients were required to complete a form on the websites. For www.bostontopten10.com, the form included the clients providing their names, email address,

phone number, employer, and reference (that reference being either another brothel organization or an existing customer of this prostitution network), if they have one. For www.browneyesgirlsva.blog, clients also were expected to fill out a verification form as a first-time customer and were instructed to contact one of two or three phone numbers listed on the website. After their information was verified, the clients were able to book appointments. Further communication about the actual appointments – e.g., time, duration, location, and other logistics – generally occurred via text message exchanges with telephone numbers, i.e., the Boston Brothel Phone and/or the Virginia Brothel Phone each with local area codes, posted on or associated with the websites.

13. Men paid for sex with women advertised on the Boston Top Ten website at multiple high-end apartments (hereinafter, "brothels" or "apartments") in Cambridge and Watertown, at least four of which were active until November 8, 2023. Men paid for sex with women advertised on the Brown Eyes Girls website at eastern Virginia apartments, including two brothels located in Tysons and Fairfax, Virginia, both of which were active until November 8, 2023.

14. The websites, which served as free advertisement for the commercial sex workers traveling to Massachusetts and Virginia to engage in commercial sex, were generally maintained and updated by HAN who had access to the photographs of the women.

<u>The Prostitution Ring</u>

15. HAN was the manager of this East Coast prostitution network. For the prostitution ring to be successful, she needed to recruit women interested in traveling from another state or country to engage in commercial sex at one of her brothels located in greater Boston and eastern Virginia. The women were persuaded to work for this prostitution network

Case 1:24-cr-10035-JEK Document 141 Filed 02/18/26 Page 18 of 61

because the business maintained a regular customer base of men that were adequately screened, ensuring that the customers were not members of law enforcement or men who posed a risk to the safety and security of the commercial sex workers.

16. The vetting process frequently included having the men confirm their identities by sending photographs of themselves and either a photograph of their work or government-issued identification card. Once the sex customers were verified, they communicated with the brothel phones, which were typically held by HAN or JUNMYUNG, by booking appointments after receiving texts of a "menu" of available women (which aligned with the women posted on the brothel websites), sexual services, and hourly rate. After appointments were confirmed, the men were provided directions to the brothel and specific instructions about how to enter the apartment building and where to go once inside.

17. When customers arrived at the apartment, they did not knock; the door was opened by the woman with whom the customers scheduled their appointment, which was typically a female, who was expecting them. The customers provided a cash payment, in an amount confirmed in an earlier text message with the brothel phone. The customers removed their shoes, were escorted by a female to the bedroom where the customers undressed and were accompanied into an attached bathroom. There, they were offered a shower with or without the female and afterwards, they returned to the bedroom to engage in sex with that female using a condom that she provided. Most of the men showered again with the female when their appointments ended before they left the apartment.

18. The women were notified over a Korean messaging application about the schedule for the day, which included the time, the customer (listed by first name, race, and year of birth), the service, the price, and whether the customer was new or returning. If the customer

was "new," the women were sent a photograph of the customer so that the women could confirm the customer's identity upon arrival.

19. As the manager of the organization, HAN communicated with and recruited women to travel interstate to engage in commercial sex for cash in Boston and Eastern Virginia and maintained the websites and business records tied to the organization. The women generally had discussions with HAN to reach an agreement about working as sex workers before they travelled. In reaching this agreement, the women typically sent HAN photographs which were then used in the website advertisements. HAN enlisted both JAMES and JUNMYUNG to procure leases for apartments located in greater Boston and eastern Virginia where the commercial sex could occur. In the case of JAMES, in addition to using his own name as the single-tenant occupant of the apartments, he signed apartment leases in the names of his fraudulent identities as well and used fraudulent identification that at times contained the personal identifying information of the actual person.

20. HAN regularly visited and maintained the brothel apartments, both in Massachusetts and through her regular travels to Virginia. She assisted the women with their luggage and groceries, so the women were settled into the apartments; she coordinated rides, either through rideshares or other co-conspirators, for the women to and from the airport and between the various brothel locations so that they did not have to coordinate travel or pay for that added expense. HAN permitted the commercial sex workers to stay in the brothel apartments during their rotation in a given city so that they did not have to find lodging elsewhere, but established rules for their stays in the units to make sure they did not draw attention to the prostitution work. While most women paid for their own airline travel, at times HAN paid for their flights using her own credit card. Upon arrival in the brothel units, the women were

provided with condoms and lubricants that they could use and lingerie that they could wear when they engaged in prostitution.

21. HAN began working with JAMES at least no later than May 2021 at which time JAMES agreed to lease apartments in Massachusetts and Virginia in his name or his fraudulent identities. HAN paid JAMES's round trip travel for at least five trips from California and to the Boston or Virginia area in advance of the initial move-in dates for the apartments in order for JAMES to secure the brothel rentals by meeting with apartment managers and obtaining keys to the brothel units. In exchange for renting these apartments on behalf of the prostitution network, HAN paid JAMES approximately $1,000 per month per active lease as a commission.

22. JAMES also provided an aspect of protection for the facilitators of the prostitution network. Because JAMES rented many brothel locations in his name or in his fraudulent identities, he made sure that the properties are not directly connected on the leases to the local prostitution managers, to the websites, or to the commercial sex workers. JAMES served as a liaison between the females working in the units and the property managers by fielding calls from the management companies and coordinating any issues that arose regarding maintenance and inspection.

23. As HAN's business expanded, she employed JUNMYUNG beginning in or about late 2021 and no later than early 2022, to work as the "booker" for her prostitution network. As the "booker," JUNMYUNG, at the direction of HAN, carried and maintained the brothel cell phones, communicated directly with and vetted the sex buyers, maintained appointment books to track the appointments made between the women and the customers, and booked appointments for customers with the women advertised on both the Virginia and Boston brothel websites.

24. JUNMYUNG, like HAN, also regularly assisted the commercial sex workers with

their groceries and luggage when they arrived at and left the Boston brothel locations, sometimes more than one location in a given day; and collected prostitution proceeds from the Boston brothel apartment units. JUNMYUNG placed at least one brothel lease in his name. In exchange for working as her appointment "booker," HAN paid JUNMYUNG approximately $6,000 to $8,000 per month. The amount JUNMYUNG made varied based upon the total number of bookings that he made in a given month.

The Proceeds of the Prostitution Network

25. The women engaged in prostitution kept a percentage of the customer payments (a percentage determined by HAN). The remaining cash proceeds belonged to the organization. HAN typically directed the women to place their earnings in envelopes in the freezer or refrigerator in the brothel apartments and members of the organization, including HAN and JUNMYUNG, picked up the envelopes of cash proceeds from the brothels on a regular basis. HAN calculated the payments for the commercial sex workers based on the number of customers they met with, the length of appointment, and the type of appointment. These totals were documented on ledgers in HAN's apartment, appointment books in JUNMYUNG's apartment, and on the envelopes of cash proceeds.

26. HAN paid JUNMYUNG with these proceeds, typically in cash. HAN regularly made cash deposits, many of which were structured, into known U.S. bank accounts held in her name or in the name of others within her network. HAN disbursed this money in a variety of ways, including by engaging in various bank and peer-to-peer ("P2P") transfers to accounts of others in her large network, including accounts in the name of JUNMYUNG, and those in the name of JAMES or his wife. HAN also transferred money to accounts that JAMES controlled in the names or business accounts of his fraudulent identities. Many of these business accounts of

JAMES and his known aliases did not appear to have transactions consistent with legitimate business expenses. HAN's credit card purchases reflected various business expenses, including approximately $10,500 in airline costs and approximately $15,000 in rideshare charges. She also transferred approximately $90,000 to a bank account held in her name located at Kookmin Bank in South Korea. JAMES moved the funds around through various accounts, including through accounts held in the names of known aliases and business accounts associated with known aliases.

27. Likewise, the prostitution cash proceeds were used to structurally purchase money orders in increments less than $3,000, in an apparent attempt to avoid Bank Secrecy ("BSA") record keeping and reporting requirements of Money Services Businesses ("MSBs"). These money orders were typically purchased by HAN at the United States Post Office ("USPO") in the form of United States Postal Service ("USPS") money orders or at Western Union locations. The money orders were used to pay various business expenses of the prostitution network and personal expenses of HAN's, including to pay rent and utilities at various brothel apartments, to pay co-conspirators and members of the network, to pay for the telephones and websites utilized to solicit and engage customers, and to pay rent and utilities for HAN's apartment.

28. During the time that he was employed by HAN, JUNMYUNG purchased a Corvette, at least a portion of which was funded by suspected prostitution proceeds. JUNMYUNG also made multiple cash deposits into U.S. bank accounts in increments less than $10,000 where the total amount deposited on a given day exceeded $10,000. HAN used prostitution proceeds to purchase luxury items, such as bags and shoes, and to purchase stored value cards as a method to conceal the actual source of the funds.

29. HAN, JAMES, JUNMYUNG, and their co-conspirators, known and unknown,

used the above, and additional, various methods in order to conceal and disguise the nature, location, source, ownership, and control of the prostitution network proceeds.

Objects and Purposes of the Prostitution Conspiracy

30. The object of the Prostitution Conspiracy was to persuade, induce, entice, and coerce women to travel to and between Massachusetts, Virginia, and elsewhere in interstate and foreign commerce to engage in prostitution in apartments leased by members of the conspiracy. The principal purpose of the Prostitution Conspiracy was to earn money from the prostitution of commercial sex workers advertised on the brothel websites and to conceal criminal activity from law enforcement.

Manner and Means of the Conspiracy

31. Among the manner and means by which (1) HAN LEE, a/k/a "Hana;" (2) JAMES LEE; and, (3) JUNMYUNG LEE and coconspirators known and unknown to the Grand Jury carried out the Prostitution Conspiracy were the following:

a. Establishing the infrastructure necessary for the commercial sex workers to be enticed and persuaded to travel interstate to engage in prostitution on behalf of the prostitution network;

b. Advertising appointments for commercial sex with women in greater Boston and eastern Virginia on the brothel websites, www.bostontopten10.com and www.browneyesgirlsva.blog, respectively;

c. Updating the brothel websites frequently and describing new arriving women as "open" or "coming soon" to keep the demand, and therefore profits, high for the prostitution network;

d. Providing free advertisement for the commercial sex workers posted on the brothel websites;

e. Providing anonymity for the commercial sex workers by posting them on brothel websites with "stage names" and using local brothel phones to communicate with customers so that commercial sex workers do not have to arrange appointments themselves;

f. Requiring a detailed verification process for first-time customers to include having first-time customers provide their names, email addresses, phone number, employer, reference, "selfies," and government or employer issued identification;

g. Maintaining a regular customer base of men that were adequately screened, ensuring that the customers were not members of law enforcement nor men who posed a risk to the safety and security of the commercial sex workers;

h. Renting high-end apartments where the commercial sex could occur and misrepresenting the intended use of the apartment as "single tenant unit";

i. Renting high-end apartments in the names of fraudulent identities;

j. Providing the sex customers with a private and comfortable location where they could engage in commercial sex for a fee with women advertised on the brothel website;

k. Paying for round trip airline travel of co-conspirator in advance of initial move-in dates for the brothel apartments in order for the renter to meet with apartment managers and obtain keys to the brothel apartments;

l. Fielding calls from the management companies and coordinating any issues regarding maintenance and inspection of the brothel apartments thereby serving as a liaison between the females working in the units and the property managers;

m. Permitting the commercial sex workers to stay overnight in the brothel apartments during their tour in a given city so that the women did not have to find lodging elsewhere;

n. Establishing house rules for the women during their stays in a given city to protect and maintain the secrecy of the business and ensure that the women did not draw attention to the prostitution work inside apartment buildings;

o. Utilizing brothel phones to communicate with and vet customers prior to arranging appointments for commercial sex;

p. Hiring a "booker" to carry and maintain the brothel cell phones and directly communicate with brothel customers;

q. Booking appointments for the women to engage in commercial sex with properly vetted customers;

r. Maintaining appointment books to track commercial sex appointments made

between the women and the customers;

s. Maintaining ledgers and documenting earnings of commercial sex workers;

t. Providing the commercial sex workers with a daily schedule of commercial sex appointments;

u. Traveling to the various brothel locations in greater Boston and eastern Virginia to maintain the units, visit the women, and pick up prostitution proceeds;

v. Assisting commercial sex workers with their luggage and groceries when they arrive at and depart from the brothel locations;

w. Arranging transportation for the women to be transported to and from the airport and to and from the brothel locations in rideshares, private vehicles or taxis;

x. Providing commercial sex workers with lingerie, condoms and lubricants to use when they engaged in commercial sex with the customers;

y. Paying the commercial sex workers a substantial percentage of earnings, sometimes at a rate of approximately fifty (50) percent;

z. Directing commercial sex workers to leave the remainder of the prostitution proceeds in the freezer or refrigerator of the brothel apartments;

aa. Paying for airline travel, rideshare charges, brothel phones, brothel website fees, and other business expenses with prostitution proceeds; and

bb. Paying for rent and utilities on brothel apartments with USPS and Western Union money orders purchased with prostitution proceeds.

<u>Overt Acts in Furtherance of the Prostitution Conspiracy</u>

32. Beginning on a date unknown to the Grand Jury but at least since from in or about July 2020 through in or about November 8, 2023, (1) HAN LEE, a/k/a "Hana;" (2) JAMES LEE; and, (3) JUNMYUNG LEE and coconspirators known and unknown to the Grand Jury committed and caused to be committed the following overt acts, among others, in furtherance of the Prostitution Conspiracy:

a. On or about August 12, 2016, a co-conspirator purchased and registered the domain www.bostontopten10.com, which was a website that advertised women engaged in commercial sex in the greater Boston area;

b. On or about May 25, 2021, JAMES traveled from Los Angeles, California to Boston, Massachusetts on a flight purchased by HAN with her Bank of America personal credit card;

c. On or about May 26, 2021, the co-conspirators began an apartment lease in JAMES's name located at 77 New Street, Unit 210, Cambridge, Massachusetts, which was used as a brothel for www.bostontopten10.com until at least June 2022;

d. On or about May 26, 2021, a co-conspirator electronically signed a lease in JAMES's name for 2985 District Avenue, Unit 245, Fairfax, Virginia, an apartment that was used as a brothel for www.browneyesgirlsva.blog beginning on or about June 1, 2021 until November 8, 2023;

e. On or about July 23, 2021, a co-conspirator purchased and registered the domain www.browneyesgirlsva.blog, which was a website that advertised women engaged in commercial sex in the eastern Virginia area;

f. On or about November 18, 2021, HAN traveled roundtrip on the same day from Boston Logan Airport to Washington Dulles Airport to maintain the www.browneyesgirlsva.blog brothel location;

g. On or about January 19, 2022, a co-conspirator submitted an application to lease an apartment located at 90 Fawcett Street, Unit 109, Cambridge, Massachusetts with a lease start date of January 25, 2022 in the name of JAMES as the sole occupant of an apartment that was used as a brothel for www.bostontopten10.com until November 8, 2023;

h. On or about June 6, 2022, JUNMYUNG submitted a rental application to lease an apartment that was located at 90 Fawcett Street, Unit 435, Cambridge, Massachusetts and was used as a brothel for www.bostontopten10.com until November 8, 2023;

i. On or about June 8, 2022, JUNMYUNG deposited $35,700 in prostitution proceeds into a personal Bank of America checking account;

j. On or about August 1, 2022, a co-conspirator electronically submitted a lease for an apartment located at 66 Bond Street, Unit 221, Watertown, Massachusetts, under the JAMES fraudulent identity of L.K., which was an apartment used as a brothel for www.bostontopten10.com until November 8, 2023;

k. On or about August 21, 2022, JAMES flew from California to Massachusetts

for the move-in date of August 22, 2022 for the brothel in the L.K. identity located at 66 Bond Street, Unit 221, Watertown, Massachusetts;

l. HAN paid with her Bank of America credit card for JAMES's round trip airline tickets from California to Massachusetts, in his name of JAMES, for the move-in date of August 22, 2022 for the brothel in the L.K. identity located at 66 Bond Street, Unit 221, Watertown, Massachusetts;

m. On or about January 3, 2023, HAN assisted a female, who was a suspected commercial sex worker, with her luggage as they both entered, and HAN quickly exited, a brothel located at 90 Fawcett Street, Unit 435, Cambridge, Massachusetts with HAN locking the door behind her from the outside after leaving the unit;

n. On or about January 17, 2023, JUNMYUNG visited the brothels located at 90 Fawcett Street, Units 109 and 435 in Cambridge, Massachusetts and assisted women believed to be engaged in commercial sex with their luggage as they left the building;

o. On or about January 19, 2023, HAN was at the 2985 District Avenue, Unit 245, Fairfax, Virginia, to maintain an apartment that was used as a brothel for www.browneyesgirlsva.blog until November 8, 2023;

p. On or about January 22, 2023, JUNMYUNG traveled with the Boston Brothel Phone to 90 Fawcett Street in Cambridge, Massachusetts to escort a female, believed to be a commercial sex worker, inside the building. JUNMYUNG then traveled to and entered 66 Bond Street in Watertown to maintain that brothel location;

q. On or about January 27, 2023, JUNMYUNG used the Boston Brothel Phone to arrange an appointment for a sex customer to engage in commercial sex at a brothel located at 90 Fawcett Street;

r. On or about February 15, 2023, JUNMYUNG and HAN drove with an unidentified female, believed to be engaged in commercial sex, to the brothel located at 66 Bond Street, Unit 221 in Watertown, Massachusetts and assisted the unidentified female with groceries and luggage as she entered and remained at the brothel apartment;

s. On or about April 3, 2023, HAN entered into a lease for an apartment that was located at 90 Fawcett Street, Unit 530, Cambridge, Massachusetts and was used as a brothel for www.bostontopten10.com until November 8, 2023;

t. On or about April 11, 2023, HAN assisted two unidentified females with their luggage at 66 Bond Street, one who left the brothel location that day and took a rideshare to Logan International Airport and the other believe to have arrived that day to bring her luggage into the unit;

u. On or about May 26, 2023, a co-conspirator purchased nineteen (19) money orders, some USPS and others Western Union, totaling $12,200 which were submitted for rent payments at four different brothel locations at USPO locations in Harvard Square, Porter Square and Central Square in Cambridge, Massachusetts and at Star Markets located in Boston and Cambridge, Massachusetts;

v. In or around May 2023, the money orders that had been purchased on or about May 26, 2023 were applied to the June rent at various brothel locations, including, 90 Fawcett Street, Units 109, 435, and 530 in Cambridge, Massachusetts and 66 Bond Street, Unit 221 in Watertown, Massachusetts;

w. On or about June 12, 2023, HAN retrieved prostitution proceeds from a brothel located at 90 Fawcett Street in Cambridge and deposited the proceeds into a Bank of America account in the name of Y.K. She subsequently went to a USPO located at 125 Mt. Auburn Street in Cambridge where she exchanged prostitution proceeds for at least one USPS money order;

x. On or about July 19, 2023 and on or about July 23, 2023, a co-conspirator made payments from a TD Bank account held in the name of Y.K. for the renewal of the www.browneyesgirlsva.blog website;

y. On or about August 30, 2023, HAN purchased Western Union money orders with prostitution proceeds at a Star Market. These money orders were determined to have been subsequently used to pay the rent at HAN's residence located at 80 Cambridgepark Drive;

z. On or about August 31, 2023, on a phone call with the management company of 2985 District Avenue, Unit 245, JAMES, the sole legal tenant, stated that his "daughter" was staying at the apartment, which was then used as a brothel location for www.browneyesgirlsva.blog, in order to shield the commercial sex workers and the managers of the prostitution network from the rental company;

aa. On or about September 23, 2023, a co-conspirator, in the fraudulent identity of JAMES of J.G.W., electronically signed a lease for an apartment located at 1500 Westbranch Drive, Unit 649, Tysons, Virginia which was used as a brothel for www.browneyesgirlsva.blog until November 8, 2023;

bb. On or about October 2, 2023, JAMES flew from Los Angeles International Airport to Washington Dulles International Airport for the start of the lease of the brothel located at 1500 Westbranch Drive, Unit 649, Tysons, Virginia;

cc. On or about October 2, 2023, HAN traveled from Logan International Airport in Boston, Massachusetts to Washington Dulles International Airport for the start of the lease of the brothel located at 1500 Westbranch Drive, Unit 649, Tysons, Virginia;

dd. On or about October 2, 2023, a co-conspirator made purchases on HAN's credit card in Virginia at locations like Walmart, Home Goods, Mattress Firm, Home Depot and TJ Maxx to furnish the newest Virginia brothel;

ee. On or about October 26, 2023, HAN used the Virginia Brothel Phone to arrange an appointment scheduled for October 26, 2023 for a customer to engage in commercial sex for a fee at one of the Virginia brothel locations with one of the women then posted on the www.browneyesgirlsva.blog website;

ff. On or about October 27, 2023, HAN used the Virginia Brothel Phone to arrange an appointment scheduled for the same day for a customer to engage in commercial sex for a fee at one of the Virginia brothel locations with one of the women then posted on the www.browneyesgirlsva.blog website;

gg. On dates between on or about October 22, 2023 and November 8, 2023, HAN collected from one of the Boston brothel locations an envelope with a ledger tracking the daily earnings of and containing prostitution proceeds earned by "Celine," who was then advertised on www.bostontopten10.com;

hh. On various consecutive dates leading up to November 8, 2023, a co-conspirator messaged Females A through D on a Korean messaging application in a group chat named "BTT" with the daily schedule of times and names of customers scheduled for prostitution appointments;

ii. On or about November 8, 2023, JUNMYUNG possessed the Boston Brothel Phone used to communicate with and set up appointments for customers interested in purchasing commercial sex with women posted on the www.bostontopten10.com website;

jj. On or about November 8, 2023, HAN possessed the Virginia Brothel Phone used to communicate with and set up appointments for customers interested in purchasing commercial sex with women posted on the www.browneyesgirlsva.blog website; and

kk. On a date prior to November 8, 2023, HAN communicated over a Korean messaging application with Female A to recruit her from another state to engage in commercial sex for a fee for the Boston brothel locations. Female A was then advertised on www.bostontopten10.com.

COUNT ONE

Conspiracy to Commit Persuade, Induce, Entice, and Coerce One or More Individuals to Travel in Interstate or Foreign Commerce to Engage in Prostitution
(18 U.S.C. § 371)

The Grand Jury charges:

33. The Grand Jury re-alleges and incorporates by reference paragraphs 1-32 of this Indictment.

34. Beginning on a date unknown but at least since July 2020 through in or about November 8, 2023, in the District of Massachusetts, the Eastern District of Virginia, the Central District of California, and elsewhere, the defendants,

(1) HAN LEE, a/k/a "Hana,"
(2) JAMES LEE, and
(3) JUNMYUNG LEE,

conspired with each other and with others known and unknown to the Grand Jury to commit an offense against the United States, to wit, to knowingly persuade, induce, entice, and coerce individuals to travel in interstate and foreign commerce, to engage in prostitution, and in any sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(a).

COUNT TWO
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury further charges:

35. Beginning on a date unknown but at least since July 2020 through in or about November 8, 2023, in the District of Massachusetts, the Eastern District of Virginia, the Central District of California, and elsewhere, the defendants,

(1) HAN LEE, a/k/a "Hana,"
(2) JAMES LEE, and
(3) JUNMYUNG LEE,

conspired with each other and with others known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, persuading, inducing, enticing and coercing individuals to travel in interstate and foreign commerce to engage in prostitution and in any sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(a), and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## PROSTITUTION CONSPIRACY FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 371, set forth in Count One, the defendants,

(1) HAN LEE, a/k/a "Hana",
(2) JAMES LEE, and
(3) JUNMYUNG LEE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset(s):

a. 2018 Chevy Corvette Grand bearing the VIN number 1G1YY2D73J5105000 seized from Junmyung Lee at 71 Legacy Blvd., Dedham, Massachusetts 02026 on or about November 8, 2023.

b. $22,608 in United States currency seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

c. $6,835 in United States currency seized at 90 Fawcett Street, Unit 530, Cambridge, Massachusetts 02138 on or about November 8, 2023;

d. $2,150 in United States currency seized at 66 Bond Street, Unit 221, Watertown, Massachusetts 02472 on or about November 8, 2023;

e. $1,650 in United States currency seized at 1500 Westbranch Drive, Unit 649, Tysons, Virginia, 22102 on or about November 8, 2023;

f. $1,000 in United States currency seized at 2985 District Avenue, Unit 245, Fairfax, Virginia, 22031 on or about November 8, 2023;

g. $6,500 in United States currency seized from James Lee at 1031 Park Circle Drive, Torrance, California, 90502 on or about November 8, 2023;

h. $5,000 in United States currency seized from James Lee at 1031 Park Circle

Drive, Torrance, California, 90502 on or about on or about November 8, 2023;

i. $5,000 in United States currency seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts, 02026 on or about November 8, 2023;

j. $210 in United States currency seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts, 02026 on or about November 8, 2023;

k. $5,567.89 seized from Bank of America checking account ending *7708 held in the name of Han A Lee on or about November 8, 2023;

l. $75.92 seized from Bank of America checking account ending in *3444 held in the name of Han A Lee on or about November 8, 2023;

m. $2,942.02 seized from Bank of America checking account ending in *1170 held in the name of Y.K. seized on or about November 8, 2023;

n. $516.37 seized from Bank of America savings account ending in *1183 held in the name of Y.K. seized on or about November 8, 2023;

o. $2,844.01 seized from Bank of America checking account ending in *5662 held in the name of Junmyung Lee seized on or about November 8, 2023;

p. $3,689.92 seized from Hanmi Bank checking account ending in *7665 held in the name of James Y. Lee seized on or about November 8, 2023;

q. $1,787.32 seized from Hanmi Bank savings account ending in *4307 held in the name of V.L. seized on or about November 8, 2023;

r. $1,000 United States Postal Service money order with a serial number ending in *2856 seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

s. $1,000 United States Postal Service money order with a serial number ending in *2867 seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

t. $500 Western Union money order with a serial number ending in *0154 seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

u. $500 Western Union money order with a serial number ending in *0155

seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

v. $500 Western Union money order with a serial number ending in *0156 seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

w. $500 Western Union money order with a serial number ending in *0157 seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023; and,

x. Assorted stored value cards seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h), set forth in Count Two, the defendants,

(1) HAN LEE, a/k/a "Hana",
(2) JAMES LEE, and
(3) JUNMYUNG LEE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

a. The domain name https://bostontopten10[.]com seized on November 8, 2023;

b. The domain name https://browneyesgirlsva[.]blog seized on November 8, 2023;

c. 2018 Chevy Corvette Grand bearing the VIN number 1G1YY2D73J5105000 seized from Junmyung Lee at 71 Legacy Blvd., Dedham, Massachusetts 02026 on or about November 8, 2023;

d. $22,608 in United States currency seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

e. $6,835 in United States currency seized at 90 Fawcett Street, Apt. 530, Cambridge, Massachusetts 02138 on or about November 8, 2023;

f. $2,150 in United States currency seized at 66 Bond Street, Unit 221, Watertown, Massachusetts 02472 on or about November 8, 2023;

g. $1,650 in United States currency seized at 1500 Westbranch Drive, Unit 649, Tysons, Virginia, 22102 on or about November 8, 2023;

h. $1,000 in United States currency seized at 2985 District Avenue, Unit 245, Fairfax, Virginia, 22031 on or about November 8, 2023;

i. $6,500 in United States currency seized from James Lee at 1031 Park Circle

Drive, Torrance, California, 90502 on or about November 8, 2023;

j. $5,000 in United States currency seized from James Lee at 1031 Park Circle Drive, Torrance, California 90502 on or about on or about November 8, 2023;

k. $5,000 in United States currency seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

l. $210 in United States currency seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

m. $5,567.89 seized from Bank of America checking account ending *7708 held in the name of Han A Lee on or about November 8, 2023;

n. $75.92 seized from Bank of America checking account ending in *3444 held in the name of Han A Lee on or about November 8, 2023;

o. $2,942.02 seized from Bank of America checking account ending in *1170 held in the name of Y.K. seized on or about November 8, 2023;

p. $516.37 seized from Bank of America savings account ending in *1183 held in the name of Y.K. seized on or about November 8, 2023;

q. $2,844.01 seized from Bank of America checking account ending in *5662 held in the name of Junmyung Lee seized on or about November 8, 2023;

r. $3,689.92 seized from Hanmi Bank checking account ending in *7665 held in the name of James Y. Lee seized on or about November 8, 2023;

s. $1,787.32 seized from Hanmi Bank savings account ending in *4307 held in the name of V.L. seized on or about November 8, 2023;

t. $1,000 U.S. Postal Service money order with a serial number ending in *2856 seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts, 02140 on or about November 8, 2023;

u. $1,000 U.S. Postal Service money order with a serial number ending in *2867 seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

v. $500 Western Union money order with a serial number ending in *0154 seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

w. $500 Western Union money order with a serial number ending in *0155 seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

x. $500 Western Union money order with a serial number ending in *0156 seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

y. $500 Western Union money order with a serial number ending in *0157 seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

z. Assorted stored value cards seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

aa. Three (3) Black Samsung mobile phones seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

bb. Silver iPhone seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

cc. Black Mobile flip phone seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

dd. Alienware Desktop computer seized from Junmyung Lee at 71 Legacy Blvd., Apt. 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

ee. Macbook laptop computer seized from Junmyung Lee at 71 Legacy Blvd., Apt. 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

ff. Black Samsung mobile phone SM-A205u seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

gg. Three (3) SIM cards seized from Junmyung Lee at 71 Legacy Blvd., Unit 207, Dedham, Massachusetts 02026 on or about November 8, 2023;

hh. iPad with keyboard seized at 66 Bond Street, Unit 221, Watertown, Massachusetts 02472 on or about November 8, 2023;

ii. Purple iPhone seized at 66 Bond Street, Unit 221, Watertown, Massachusetts 02472 on or about November 8, 2023;

jj. Netgear router seized at 66 Bond Street, Unit 221, Watertown, Massachusetts 02472 on or about November 8, 2023;

kk. Red Apple iPhone seized at 90 Fawcett Street, Unit 109, Cambridge, Massachusetts 02138 on or about November 8, 2023;

ll. Grey iPad with black case seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

mm. Black Apple iPhone seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

nn. Black Apple iPhone with cracked screen seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

oo. Samsung cell phone with white case seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

pp. Eight (8) cell phones in plastic organizer seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

qq. Silver Macbook laptop with black case seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

rr. Silver Macbook laptop seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

ss. Light Blue Samsung cell phone seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

tt. Three (3) cell phones on desk counter seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

uu. Two (2) cell phones on kitchen counter seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

vv. Three (3) SIM cards seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

ww. Four (4) thumb drives seized from Han Lee at 80 Cambridgepark Drive, Unit 638, Cambridge, Massachusetts 02140 on or about November 8, 2023;

xx. Cell phone seized from James Lee upstairs at 1031 Park Circle Drive Torrance, California 90502 on or about November 8, 2023; and

yy. Cell phone seized from James Lee downstairs at 1031 Park Circle Drive Torrance, California 90502 on or about November 8, 2023.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

FOREPERSON

LINDSEY E. WEINSTEIN
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: FEBRUARY 1, 2024
Returned into the District Court by the Grand Jurors and filed.

/s/ Leonardo T.Vieira 3:05pm
DEPUTY CLERK

**Criminal Case Cover Sheet** | **U.S. District Court - District of Massachusetts**

**Place of Offense:** ________ **Category No.** II **Investigating Agency** HSI

**City** Cambridge, Watertown, and Virginia

**County** Middlesex and elsewhere

**Related Case Information:**

Superseding Ind./ Inf. ________ Case No. ________

Same Defendant X New Defendant ________

Magistrate Judge Case Number 23-mj-4605-DHH

Search Warrant Case Number See additional information

R 20/R 40 from District of ________

Is this case related to an existing criminal action pursuant to Rule 40.1(h)? If yes, case number ________ ☐ Yes ☑ No

**Defendant Information:**

Defendant Name Han A. Lee Juvenile: ☐ Yes ☑ No

Is this person an attorney and/or a member of any state/federal bar: ☐ Yes ☑ No

Alias Name: Hana Lee

Address: 80 Cambridge Park Drive #638 Cambridge MA

Birth date (Yr only): 1982 SSN (last 4#): 6130 Sex: F Race Asian Nationality: Korean

**Defense Counsel if known:** Scott Lauer Address: Federal Defenders Office

Bar Number: ________

**U.S. Attorney Information**

AUSA: Lindsey Weinstein Bar Number if applicable: 676933

**Interpreter:** ☑ Yes ☐ No List language and/or dialect: Korean

**Victims:** ☑ Yes ☐ No If yes, are there multiple crime victims under 18 USC§3771(d)(2) ☑ Yes ☐ No

**Matter to be SEALED:** ☐ Yes ☑ No

☐ Warrant Requested ☐ Regular Process ☑ In Custody

**Location Status:** Wyatt

**Arrest Date:** 11/8/2023

☑ Already in Federal Custody as of 11/8/2023 in Wyatt .

☐ Already in State Custody at ________ ☐ Serving Sentence ☐ Awaiting Trial

☐ On Pretrial Release: Ordered by: ________ on ________

**Charging Document:** ☐ Complaint ☐ Information ☑ Indictment

**Total # of Counts:** ☐ Petty ____ ☐ Misdemeanor ____ ☑ Felony 2

Continue on Page 2 for Entry of U.S.C. Citations

☑ **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.**

Date: 2/1/2024 Signature of AUSA: [signature]

Case 1:24-cr-10035-JEK Document 1-3 Filed 02/08/24 Page 2 of 2


**District Court Case Number** (To be filled in by deputy clerk): ____________________

**Name of Defendant** Han A. Lee

**U.S.C. Citations**

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 U.S.C. §371 | Conspiracy to persuade, induce, entice, coerce individuals to travel in interstate commerce to engage in prostitution | 1 |
| Set 2 | 18 U.S.C. § 1956(h) | Money Laundering Conspiracy | 2 |
| Set 3 | 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) | Conspiracy Forfeiture Allegations | |
| Set 4 | 18 U.S.C. § 982(a)(1) | money laundering forfeiture allegations | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**

23-4103-DHH, 23-4327-DHH, 23-4328-DHH, 23-4329-DHH, 23-4330-DHH, 23-4331-DHH, 23-4332-DHH, 23-4333-DHH, 23-4334-DHH, 23-4335-DHH, 23-4336-DHH, 23-4589-DHH, 23-4590-DHH, 23-4591-DHH, 23-4592-DHH, 23-4593-DHH, 23-4594-DHH, 23-4595-DHH, 23-4596-DHH, 23-4597-DHH, 23-4598-DHH, 23-4599-DHH, 23-4600-DHH, 23-4606-DHH, 23-4607-DHH, 23-4608-DHH, 23-4609-DHH, 23-4610-DHH, 23-4611-DHH

**Criminal Case Cover Sheet** **U.S. District Court - District of Massachusetts**

**Place of Offense:** ______ **Category No.** II **Investigating Agency** HSI

**City** Cambridge, Watertown, and Virginia

**County** Middlesex and elsewhere

**Related Case Information:**

Superseding Ind./ Inf. ______ Case No. ______

Same Defendant x New Defendant ______

Magistrate Judge Case Number 23-mj-4605-DHH

Search Warrant Case Number See additional information

R 20/R 40 from District of ______

**Defendant Information:**

Is this case related to an existing criminal action pursuant to Rule 40.1(h)? If yes, case number ______ ☐ Yes ☑ No

Defendant Name James Lee Juvenile: ☐ Yes ☑ No

Is this person an attorney and/or a member of any state/federal bar: ☐ Yes ☑ No

Alias Name: ______

Address: 1031 Park Circle Drive, Torrance, CA

Birth date (Yr only): 1955 SSN (last 4#): 2405 Sex: M Race Asian Nationality: Korean

**Defense Counsel if known:** Keith Halpern Address: ______

Bar Number: ______

**U.S. Attorney Information**

AUSA: Lindsey Weinstein Bar Number if applicable: 676933

**Interpreter:** ☑ Yes ☐ No List language and/or dialect: Korean

**Victims:** ☑ Yes ☐ No If yes, are there multiple crime victims under 18 USC§3771(d)(2) ☑ Yes ☐ No

**Matter to be SEALED:** ☐ Yes ☑ No

☐ Warrant Requested ☐ Regular Process ☑ In Custody

**Location Status:** Wyatt

**Arrest Date:** 11/8/2023

☑ Already in Federal Custody as of 11/8/2023 in Wyatt .

☐ Already in State Custody at ______ ☐ Serving Sentence ☐ Awaiting Trial

☐ On Pretrial Release: Ordered by: ______ on ______

**Charging Document:** ☐ Complaint ☐ Information ☑ Indictment

**Total # of Counts:** ☐ Petty ______ ☐ Misdemeanor ______ ☑ Felony 2

Continue on Page 2 for Entry of U.S.C. Citations

☑ **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.**

Date: 2/1/2024 Signature of AUSA: [signature]

JS 45 (5/97) (Revised U.S.D.C. MA 9/20/2023) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): ____________________

**Name of Defendant** James Lee

**U.S.C. Citations**

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 U.S.C. §371 | Conspiracy to persuade, induce, entice, coerce individuals to travel in interstate commerce to engage in prostitution | 1 |
| Set 2 | 18 U.S.C. § 1956(h) | Money Laundering Conspiracy | 2 |
| Set 3 | 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) | Conspiracy Forfeiture Allegations | |
| Set 4 | 18 U.S.C. § 982(a)(1) | money laundering forfeiture allegations | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**

23-4103-DHH, 23-4327-DHH, 23-4328-DHH, 23-4329-DHH, 23-4330-DHH, 23-4331-DHH, 23-4332-DHH, 23-4333-DHH, 23-4334-DHH, 23-4335-DHH, 23-4336-DHH, 23-4589-DHH, 23-4590-DHH, 23-4591-DHH, 23-4592-DHH, 23-4593-DHH, 23-4594-DHH, 23-4595-DHH, 23-4596-DHH, 23-4597-DHH, 23-4598-DHH, 23-4599-DHH, 23-4600-DHH, 23-4606-DHH, 23-4607-DHH, 23-4608-DHH, 23-4609-DHH, 23-4610-DHH, 23-4611-DHH

**Criminal Case Cover Sheet** — **U.S. District Court - District of Massachusetts**

**Place of Offense:** ____ **Category No.** II **Investigating Agency** HSI

**City** Cambridge, Watertown, and Virginia

**County** Middlesex and elsewhere

**Related Case Information:**

Superseding Ind./ Inf. ____ Case No. ____
Same Defendant x New Defendant ____
Magistrate Judge Case Number 23-mj-4605-DHH
Search Warrant Case Number See additional information
R 20/R 40 from District of ____
Is this case related to an existing criminal action pursuant to Rule 40.1(h)? If yes, case number ____ ☐ Yes ☑ No

**Defendant Information:**

Defendant Name Junmyung Lee Juvenile: ☐ Yes ☑ No

Is this person an attorney and/or a member of any state/federal bar: ☐ Yes ☑ No

Alias Name: ____

Address: 71 Legacy Blvd, #207, Dedham, MA

Birth date (Yr only): 1993 SSN (last 4#): 6942 Sex: M Race Asian Nationality: Korean

**Defense Counsel if known:** John Amabile Address: ____

Bar Number: ____

**U.S. Attorney Information**

AUSA: Lindsey Weinstein Bar Number if applicable: 676933

**Interpreter:** ☑ Yes ☐ No List language and/or dialect: Korean

**Victims:** ☑ Yes ☐ No If yes, are there multiple crime victims under 18 USC§3771(d)(2) ☑ Yes ☐ No

**Matter to be SEALED:** ☐ Yes ☑ No

☐ Warrant Requested ☐ Regular Process ☑ In Custody

**Location Status:** Wyatt

**Arrest Date:** 11/8/2023

☑ Already in Federal Custody as of 11/8/2023 in Wyatt .
☐ Already in State Custody at ____ ☐ Serving Sentence ☐ Awaiting Trial
☐ On Pretrial Release: Ordered by: ____ on ____

**Charging Document:** ☐ Complaint ☐ Information ☑ Indictment

**Total # of Counts:** ☐ Petty ____ ☐ Misdemeanor ____ ☑ Felony 2

Continue on Page 2 for Entry of U.S.C. Citations

☑ **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.**

Date: 2/1/2024 Signature of AUSA: [signature]

JS 45 (5/97) (Revised U.S.D.C. MA 9/20/2023) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): ______

**Name of Defendant** Junmyung Lee

**U.S.C. Citations**

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 U.S.C. §371 | Conspiracy to persuade, induce, entice, coerce individuals to travel in interstate commerce to engage in prostitution | 1 |
| Set 2 | 18 U.S.C. § 1956(h) | Money Laundering Conspiracy | 2 |
| Set 3 | 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) | Conspiracy Forfeiture Allegations | |
| Set 4 | 18 U.S.C. § 982(a)(1) | money laundering forfeiture allegations | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**

23-4103-DHH, 23-4327-DHH, 23-4328-DHH, 23-4329-DHH, 23-4330-DHH, 23-4331-DHH, 23-4332-DHH, 23-4333-DHH, 23-4334-DHH, 23-4335-DHH, 23-4336-DHH, 23-4589-DHH, 23-4590-DHH, 23-4591-DHH, 23-4592-DHH, 23-4593-DHH, 23-4594-DHH, 23-4595-DHH, 23-4596-DHH, 23-4597-DHH, 23-4598-DHH, 23-4599-DHH, 23-4600-DHH, 23-4606-DHH, 23-4607-DHH, 23-4608-DHH, 23-4609-DHH, 23-4610-DHH, 23-4611-DHH

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Massachusetts

UNITED STATES OF AMERICA
v.
JAMES LEE

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1: 24 CR 10035 - 02 - JEK**

USM Number: 85974-510

Keith Halpern, Esq.
Defendant's Attorney

Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts
By: [signature]
Deputy Clerk
Date: 5/18/2026

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 1s-3

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Persuade, Induce, Entice, and Coerce One or More Individua | 11/08/23 | 1a |
| 18 U.S.C. § 1956(h) | Money Laundering Conspiracy | 11/08/23 | 2s |
| 18 U.S.C. § 1343 | Wire Fraud | 09/17/21 | 3 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/28/2025
Date of Imposition of Judgment

[signature]
Signature of Judge

The Honorable Julia E. Kobick
Judge, U.S. District Court
Name and Title of Judge

5/29/2025
Date

AO 245B (Rev. 11/16) Judgment in Criminal Case
Sheet 2 — Imprisonment



DEFENDANT: JAMES LEE
CASE NUMBER: 1: 24 CR 10035 - 02 - JEK

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 27 month(s)

Counts 1-3 to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

As close as possible to Los Angeles, Calfornia.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ______________ ☐ a.m. ☐ p.m. on ______________ .
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on ______________ .
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ______________ to ______________

a ______________ , with a certified copy of this judgment.

______________
UNITED STATES MARSHAL

By ______________
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release



DEFENDANT: JAMES LEE
CASE NUMBER: **1: 24 CR 10035 - 02 - JEK**

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : 3 year(s)

Counts 1-3 to be served concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: JAMES LEE
CASE NUMBER: 1: 24 CR 10035 - 02 - JEK

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ______________________ Date ______________

DEFENDANT: JAMES LEE
CASE NUMBER: 1: 24 CR 10035 - 02 - JEK

## SPECIAL CONDITIONS OF SUPERVISION

1. You must use your true name and are prohibited from the use of any false identifying information which includes, but is not limited to, any aliases, false dates of birth, false social security numbers, and incorrect places of birth.

2. You must pay the balance of any restitution imposed according to a court-ordered repayment schedule.

3. You are prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

4. You must provide the Probation Office access to any requested financial information, which may be shared with the Asset Recovery Unit of the U.S. Attorney's Office.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 7

DEFENDANT: JAMES LEE
CASE NUMBER: 1: 24 CR 10035 - 02 - JEK

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 300.00 | $ | $ | $ 569,123.00 plus an amount to be determined. |

☑ The determination of restitution is deferred until 7/9/2025. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Victim A | To be determined | | |
| Victim B | To be determined | | |
| Victim C | To be determined | | |
| Victim D | To be determined | | |
| Victim E | To be determined | | |
| Victim F | To be determined | | |
| Harvard Small Business Finance, LLC | $20,833.00 | $20,833.00 | |
| Small Business Association | $548,290.00 | $548,290.00 | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 569,123.00 | $ 569,123.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JAMES LEE
CASE NUMBER: **1: 24 CR 10035 - 02 - JEK**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 300.00 due immediately, balance due

☐ not later than ____________, or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☑ F below); or

C ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal ________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ________ *(e.g., months or years)*, to commence ________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within ________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

payment of the restitution shall begin immediately and shall be made according to the requirements of the Federal Bureau of Prisons' Inmate Financial Responsibility Program while the defendant is incarcerated and according to a court-ordered repayment schedule during the term of supervised release. All restitution payments shall be made to the Clerk, U.S. District Court for transfer to the identified victims. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

24-cr-10035-1-JEK - Han Lee (1) - amount to be determined
24-cr-10035-3-JEK - Junmyung Lee (3) - amount to be determined

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

Please see attached Order of Forfeiture (Money Judgment) and Preliminary Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts
By: Deputy Clerk
Date: 5/28/2025

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10035-JEK |
| | ) | |
| JAMES LEE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF FORFEITURE (MONEY JUDGMENT)**

**KOBICK, D.J.**

WHEREAS, on February 25, 2025, the United States Attorney for the District of Massachusetts filed a three-count Superseding Information charging defendant James Lee (the "Defendant"), with Conspiracy to Persuade, Induce, Entice, and Coerce One or More Individuals to Travel in Interstate or Foreign Commerce to Engage in Prostitution, in violation of 18 U.S.C. § 371 (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two); and Wire Fraud, in violation of 18 U.S.C. § 1343 (Count Three);

WHEREAS, the Superseding Information also included forfeiture allegations, (i) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Superseding Information of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense; (ii) pursuant to 18 U.S.C. § 982(a)(1) upon conviction of the offense alleged in Count Two of any property, real or personal, involved in such offense, and any property traceable to such property; and (iii) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) upon conviction of the offense alleged in Count Three of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense;

WHEREAS, the Superseding Information further provided that, if any of the above-

described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b);

WHEREAS, on February 26, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Superseding Information pursuant to a written plea agreement that the Defendant signed on February 26, 2025;

WHEREAS, in Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States $632,123 on the grounds it is equal to the amount of proceeds the Defendant derived from the offenses as a result of the Defendant's guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on February 26, 2025, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $632,123, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461(c) and 18 U.S.C. § 982(a)(1);

WHEREAS, the amount of $632,123 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. § 371, 18 U.S.C. § 1956(h), and 18 U.S.C. § 1343; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $632,123, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C § 2461(c) and 18 U.S.C. § 982(a)(1).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

Dated: May 28, 2025

Julia Kobick

**JULIA E. KOBICK**
United States District Judge

Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U. S. District Court
District of Massachusetts
By: [signature]
Deputy Clerk
Date: 5/28/2025

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10035-JEK |
| | ) | |
| JAMES LEE, | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**KOBICK, D.J.**

WHEREAS, on February 25, 2025, the United States Attorney for the District of Massachusetts filed a three-count Superseding Information, charging defendant James Lee (the "Defendant"), with Conspiracy to Persuade, Induce, Entice, and Coerce One or More Individuals to Travel in Interstate or Foreign Commerce to Engage in Prostitution, in violation of 18 U.S.C. § 371 (Count One); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Two); and Wire Fraud, in violation of 18 U.S.C. § 1343 (Count Three);

WHEREAS, the Superseding Information also included forfeiture allegations, (i) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Superseding Information of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense; and (ii) pursuant to 18 U.S.C. § 982(a)(1) upon conviction of the offense alleged in Count Two of any property, real or personal, involved in such offense, and any property traceable to such property. Such property specifically included, without limitation:

a. $6,500 in United States currency seized from James Lee at 1030 Park Circe Drive, Torrance, California, 90502 on or about November 8, 2023;

b. $5,000 in United States currency seized from James Lee at 1031 Park Circle Drive, Torrance, California, 90502 on or about November 8, 2023;

c. $3,689.92 seized from Hanmi Bank checking account ending in *7665 held in the name of James Y. Lee seized on or about November 8, 2023; and

d. $1,787.32 seized from Hanmi Bank savings account ending in *4307 held in the name of V.L. seized on or about November 8, 2023

(collectively, the "Properties");[1]

WHEREAS, the Superseding Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b);

WHEREAS, on February 26, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Superseding Information, pursuant to a written plea agreement at he signed on February 26, 2025;

WHEREAS, in Section 6 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because they constitute or are derived from, proceeds of the Defendant's offense, were used to facilitate the Defendant's offenses, and/or they were involved in Defendant's offenses charged in Counts One through Three of the Superseding Information;

[1] The government will credit the net proceeds from the forfeiture of the Properties towards the forfeiture money judgment after the entry of final orders of forfeiture and disposal of the Properties.

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty, and, accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1);

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2. The Court shall retain jurisdiction for purposes of enforcing this Order.

3. Accordingly, all of Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

6. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(b) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment

entered by this Court against him.

Dated: May 28, 2025

**JULIA E. KOBICK**
United States District Judge